**Benjamin F. STITH, Jr., Appellant,**

v.

**UNITED STATES of America,**
Appellee.

No. 20007.

United States Court of Appeals
District of Columbia Circuit.

Argued Oct. 14, 1966.

Decided Jan. 24, 1967.

Petition for Rehearing En Banc
Denied March 2, 1967.

Fahy, Circuit Judge, dissented.

Mr. Lee R. Marks, Washington, D. C.
(appointed by this court) for appellant.

Mr. James A. Strazzella, Asst. U. S.
Atty., with whom Messrs. David G. Bress,
U. S. Atty., and Frank Q. Nebeker, Asst.
U. S. Atty., were on the brief, for appellee.

Before FAHY, McGOWAN and TAMM,
Circuit Judges.

PER CURIAM.

Appellant, indicted for murder in the first degree, was convicted of second degree murder under a submission by the trial court of that issue to the jury over a protest by the defense that it wanted no instruction other than first degree.[1] A confession made by appellant immediately after his arrest was admitted into evidence after a hearing outside the presence of the jury prompted by the objection that the confession was involuntary because (1) of appellant's mental condition and (2) it had been obtained in violation of appel-

---

1. It is now argued that the trial judge committed reversible error in not instructing upon manslaughter as well. Assuming for the moment that the point is available upon appeal, we have searched the record for evidence founding a manslaughter charge. We are not persuaded that, even if such a charge had been requested, the court would have erred in withholding it. A second point raised for the first time here is that a confession admitted in evidence was the fruit of an arrest made without probable cause. This contention is patently at odds with the facts of record; and again we need not rest upon the limiting principles customarily applicable to the scope of appellate review.

lant's right to counsel.[2] No issue is raised here as to the adverse resolution of the first such ground. What is urged upon us now is that, had this trial occurred after Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), the confession would have been excludable by reason of the second ground, namely, the failure to advise appellant of his right to counsel; and that we should give *Miranda* retrospective operation notwithstanding Johnson and Cassidy v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966). This we have declined to do before now;[3] and we see no reason to do so here. There was evidence that appellant had been warned of his right to remain silent; and it is undisputed that he made no request for counsel. Under these circumstances there was no violation of Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964), as the scope of that holding has been expressly defined by the Supreme Court in *Johnson and Cassidy.*

Affirmed.

FAHY, Circuit Judge (dissenting).

Considering in its entirety the arresting officer's testimony at the hearing on the motion to suppress the confessions, rather than isolating a particular answer, "Yes," to a leading question whether he advised defendant "that he did not have to make a statement to you," I am left in serious doubt that defendant was adequately advised, in the situation in which he found himself, that he could remain silent. In his initial testimony the officer had been quite indefinite about this. Moreover, assuming adequate advice in this one respect, it is conceded by the government that defendant was not advised of his right to counsel. It is also plain that before he was taken to a magistrate to be advised publicly of his rights he had been in the company of the police some four hours, under arrest more than two hours, and under interrogation from time to time during the full four-hour period. Bearing on the significance of this I think counsel's characterization of appellant as a young male, "obviously immature, unsophisticated, and emotionally disturbed," is supported by the record.

At the trial defense counsel objected to the admission of the confessions in evidence in the following language:

> I respectfully object to the statement on the grounds that it was not given voluntarily in that the Defendant was suffering from a mental disease at the time he gave it and that it was given in violation of his constitutional rights, specifically, the Fifth, Sixth, and Fourteenth Amendments.

In this court the objection is pressed as follows, to mention but one portion of appellant's brief:

> The confessions Were Involuntary and Were Elicited in Violation of Appellant's Fifth Amendment Rights.

This position is expanded at length in the brief. There has been, therefore, no abandonment of appellant's position that the confessions were involuntary, that is, were compelled self-incrimination in violation of his rights under the Fifth Amendment. Appellant urges this basis for their exclusion as strenuously as he urges that Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, involving the Sixth Amendment, renders the confessions inadmissible.

I would solve the problem presented by the admission of the confessions in this case by applying Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602. Under that decision the confessions unquestionably would be held to be involun-

2. Any objection founded upon Rule 5(a), FED.R.CRIM.P., was expressly disclaimed by the defense at the trial, and is not raised here.

3. See Coleman v. United States, 125 U.S. App.D.C. ——, 371 F.2d 343 (1966), cert. denied, 385 U.S. 1027, 87 S.Ct. 979, 17

L.Ed.2d 875 (Feb. 27, 1967); and see Luckett v. United States, No. 19,911, decided July 12, 1966, argued before *Miranda* and in which we received a supplemental memorandum requesting its application. In this latter case, we affirmed by order, citing *Johnson and Cassidy.*

tary as compelled self-incrimination under the Fifth Amendment. The case was tried before *Miranda* and, therefore, is not required to be governed by it. Johnson v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772. But *Johnson* permits our court to apply *Miranda* to a case tried before *Miranda* was decided. The latitude given to courts by *Johnson*, as pointed out in my dissenting opinion in La-Shine v. United States, 126 U.S.App.D.C. ——, 374 F.2d 285, finds justification in state trials, but not to the same degree in this federal jurisdiction. I find no reason of policy which is persuasive against the application of *Miranda* to this case which was pending on appeal at the time *Miranda* was decided.[1]

1. I reserve my position as to the application of *Miranda*, to be determined in the circumstances of each case, except that I would not apply *Miranda* to a convic-

tion which had been affirmed on direct appeal and was subsequently challenged in collateral proceedings.